UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER BOWSE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 15-cv-4037 |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Peter Bowse, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Peter Bowse ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted FIA Card Services/Bank of America consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia 23502. It does or transacts business in Illinois. Its registered agent and office are Illinois

Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

5. Defendant PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant PRA holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

7. Defendant PRA is a junk debt buyer that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect through other debt collectors.

8. Defendant PRA regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a FIA Card Services/Bank of America consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. PRA purportedly purchased the alleged debt sometime thereafter.

12. In response to collection attempts by Defendant, Plaintiff consulted with the legal aid attorneys at the Debtors Legal Clinic, who, on July 17, 2014, sent a written communication to PRA indicating that Plaintiff disputed the alleged debt. (Exhibit C, Representation Letter).

13. PRA received Plaintiff's communication on July 17, 2014.

14. On or about December 11, 2014, PRA communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including a balance, an account number and the alleged original creditor. (Exhibit D, Excerpt of Plaintiff's TransUnion credit report).

15. PRA communicated a balance of $7,529 on the alleged debt to TransUnion.

16. PRA failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt on or about December 11, 2014.

17. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

18. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

19. On or before December 11, 2014, PRA knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff's counsel had previously notified PRA of that dispute by letter on July 17, 2014.

20. Even though PRA knew or should have known, prior to December 11, 2014, that Plaintiff disputed owing the alleged debt, PRA failed to thereafter communicate the fact of

Plaintiff's dispute to the TransUnion credit reporting agency when PRA communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

21.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

22.     Plaintiff re-alleges paragraphs 1-21 as if set forth fully in this count.

23.     Defendant PRA failed to communicate the fact of Plaintiff's dispute to the TransUnion consumer reporting agency, when it knew or should have known that Plaintiff disputed the alleged debt, when reporting other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor and against Defendant as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
**Wood Finko & Thompson P.C.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880

Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com